INHABITANTS OF WEBSTER *vs.* INHABITANTS OF UXBRIDGE.

The provision in the Rev. Sts. c. 46, § 15, that "when any person shall be supported in any town, other than that in which he has his settlement, the town that is liable for his support shall not, in any case, be required to pay therefor more than at the rate of one dollar a week, provided the town that is liable for the support of the pauper shall cause him to be removed, within thirty days from the time of receiving legal notice that such support has been furnished," does not apply to the case of the removal of a pauper after his decease, though before burial.

THIS was an action of assumpsit to recover the amount of expenses incurred by the plaintiffs for the support of Warren Murdock, a pauper, whose legal settlement was alleged to be in Uxbridge. The case was submitted to the court upon the following facts agreed:

The said Murdock's legal settlement was in Uxbridge, and he was supported by the plaintiffs as a pauper. The plaintiffs gave due notice to the defendants that said Murdock had fallen into distress, and that the plaintiffs were furnishing him with support and relief as a pauper; and the defendants, immediately after receiving such notice, took measures to remove him from Webster to Uxbridge, and accordingly the overseers of the poor of Uxbridge went, without delay, to Webster, for the purpose of removing him; but learning that he was dead and unburied, they immediately removed his body to Uxbridge for burial, and within thirty days from the time of receiving the notice aforesaid.

On the 1st of April 1846, before this action was commenced, the defendants made a tender to the plaintiffs of the sum of nine dollars, which was sufficient to cover the whole amount which the plaintiffs would be permitted to recover against the defendants, in case the removal, within thirty days from the time of receiving the notice, as aforesaid, was such a removal as is contemplated by the fifteenth section of the forty sixth chapter of the revised statutes.

If the plaintiffs are entitled to recover the actual expense incurred by them in the support and relief of said pauper, judgment is to be rendered for them for $36·48.

*Bacon*, for the plaintiffs.

*Chapin*, for the defendants.

SHAW, C. J. By Rev. Sts. *c.* 46, § 15, reënacting, in this respect, *St.* 1821, *c.* 94, § 3, it is provided, that the town of a pauper's settlement shall be liable to the town affording support, at the rate of one dollar per week only, although the actual cost may be much more, provided the town of his settlement "shall cause him to be removed within thirty days from the time of receiving notice that such support has been furnished." It has been held that this proviso is a strict condition, without an exact compliance with which, the town of the pauper's settlement is liable, to the town furnishing relief, for the actual expenses. *Ware* v. *Wilbraham*, 4 Pick. 45. *Seekonk* v. *Attleborough*, 7 Pick. 155.

In the former case, whilst the town of the pauper's settlement were preparing to remove her, she herself removed to another town ; and the condition was held not to be complied with. In the latter, the pauper was too ill to be removed, but the town of his settlement provided by contract for his relief, at their expense, in the town where he was. This was held not to be a compliance with the condition, or a legal substitute. And in both cases the town of the settlement was charged with the actual expenses.

The court are of opinion that the death of the pauper before removal, by which a removal of the pauper, within the meaning of the law, is prevented, is within the same principle ; and that preparation to remove the pauper, before his decease, or the removal of the dead body afterwards, is not a compliance with the condition.

The removal, contemplated by the Rev. Sts. *c.* 46, § 19, is the removal of a living person, and is a conclusive admission, by the town thus removing him, of his settlement in that town, and exempts the town from which he is removed from any costs and expenses for his support there, or at any future time, and from any trouble and expense in contesting the question of settlement. They therefore ought not to be deprived of an indemnity for the expenses actually incurred

without an exact performance of a condition intended foi their benefit. *Judgment for the plaintiffs.*